**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ANTONIO MICHAEL LONESOME, | |
| Plaintiff, | |
| v. | Civil Action No.: SAG-23-1604 |
| GOVERNOR WES MOORE, et al., | |
| Defendant. | |

## MEMORANDUM OPINION

The above-entitled complaint was filed by self-represented Plaintiff Antonio Michael Lonesome along with the full filing fee. Plaintiff has filed supplements to the Complaint. *See* ECF 3, 5 and 6. Mr. Loneseome captions the complaint as "Notice of Special Restricted appearance of Antonio Michael Lonesome Express Trust Beneficial Owner 1st Lien Holder of ANTONIO MICHAEL LONESOME Estate d/b/a/ ANTONIO MICHAEL LONESOME ©®$^{TM}$." ECF No. 1 at 1. He names as Defendants: Governor Wes Moore; Dawn Flythe Moore, the Governor's wife; District Attorney Erek L. Barron; Barron's wife Taria Siobhan Barron; Chief Judge John P. Morrissey; Scott D. Schellenberger; Michael D Fuller; State Trooper Ethan H. Sigman; Motor Vehicle Administration Head Christine Nizer; Nizer's husband Timothy Alan Nizer; State Trooper Joseph L. Twardowski; State Trooper Conrad N. Bukoski; State Trooper David W. Ericksen; State Trooper Gregory S. Bunger; and State Trooper Ronald L. Butler. ECF No. 1.

The complaint, as supplemented concerns criminal traffic citations issued to Mr. Lonesome and the state criminal proceedings that followed. Among the Defendants named, Mr. Lonesome explains that he named Chief Judge Morrissey because he issued the summons for the court dates. *Id*. at 5. "All employees named" operate under Governor Moore. *Id*. Sgt. Twardowski gave orders to the State Troopers and all troopers acted under Colonel Butler. *Id*. at 6. Additionally, Dawn

Flythe Moore, Timothy Alan Nizer and Tarai Siobhan Barron were named "as a protection to plaintiff again their husbands or wives unlawful dissipation of assets or attempted conveyances of property in an attempt to defraud legitimate creditors." (sic) *Id*. at 4. He further alleges that they are "socialist queens" who live off the largess of their spouses who violate the U.S. Constitution. *Id.* at 11. Prosecutors Scott Schellenberger and Michelle Fuller are also named as Defendants. *Id*. at 4.

Mr. Lonesome contends that his right to travel was violated by Defendants. ECF No. 1 at 10. He claims that he is not required to display a state issued driver's license or to register his vehicle in the State of Maryland. ECF No. 1 at 5.  He complains that he was improperly stopped by the named Maryland State Troopers and they confiscated his "personal private made identifier plate." *Id*. at 4. Mr. Lonesome states that he previously notified the Maryland Department of Motor Vehicles that his personal information should be removed and that he no longer needed the benefits and driving privileges from the Department of Motor Vehicles. *Id*.

He alleges that driver's licenses are titles of nobility and therefore prohibited by the United States Constitution. ECF No. 1 at 7.  He also complains that Defendants required him to pay for a license and insurance with federal reserve notes that are not backed by gold or silver coin in violation of the United States Constitution. *Id*. at 8. Mr. Lonesome signed the Complaint in accordance with Uniform Commercial Code §§ 1-103.6, 1-308, 1-301, and 1-107. *Id*. at 12-13.

In his first Supplemental Complaint, Mr. Lonesome adds as Defendants Baltimore County Circuit Court Judges Garrett Glennon and Michael Finifter. ECF No. 3 at 1. He reiterates his claims regarding the traffic stop and ensuing criminal proceedings as well as his beliefs that he is not required to have a state issued driver's license or to register his car with the state in order to travel. *Id*. at 5. Additionally, he claims that Judge Finifter threatened to remove him from the courtroom

if he did not stop talking. ECF No. 3 at 6. Mr. Lonesome advised Judge Finifter that if his due process rights were not protected, he would leave the courtroom. *Id*. Judge Finifter advised him that if he left the courtroom, he would be arrested. *Id*. Later that day, Judge Garett had Lonesome arrested on a failure to appear warrant while Mr. Lonesome was in a courtroom arguing that the case against him should be dismissed. *Id*. at 5.

Mr. Lonesome reiterates his claims in his Second Supplement to the Complaint and details his correspondence with the Maryland Department of Motor Vehicles regarding his efforts to not be subjected to the licensing and registration laws of Maryland. ECF No. 5. He adds that after he wrote to the Maryland Department of Motor Vehicles stating that his driver's license was no longer needed, he received a reply which advised him that his letter had "no legal significance" on his driving record or vehicle registration. *Id*.

He adds details to the initial traffic stop, explaining that after he was stopped by Trooper Sigman, Mr. Lonesome provided Sigman a passport card and told Sigman that "he was not operating in commerce and was 'exercising his right to travel today.'" *Id*. at 4. As a result of the traffic stop, Mr. Lonesome was issued 18 separate traffic citations. *Id*. In the incident report written by Sigman, he reports that while on routine patrol he stopped a vehicle bearing "'United States of America Republic Foreign National Private' tag bearing UCC 1-308." ECF No. 5-6 at 14. When the driver was asked for his license and registration, he replied that he was a "traveler" and "sovereign" and was not required to display the requested information. *Id*. In this supplement, Mr. Lonesome reiterates his claims regarding his court appearance that ended in his arrest. *Id*. at 5.

In his third supplement, Mr. Lonesome explains that the charges filed against him were nolle prossed in November of 2023. ECF No. 6 at 4.

3

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Because questions of subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." (Internal citation and quotation marks omitted)).  Federal courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Moreover, complaints that so clearly fail to state a claim that it would be imprudent to proceed to service of process should be dismissed at the outset:

> [F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. *See, e.g., Mallard v. United States Dist. Court,* 490 U.S. 296, 307–08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.,* 221 F.3d 362, 364 (2d Cir. 2000). In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted. *See Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Or., State Welfare Div.,* 662 F.2d 1337, 1342–43 (9th Cir. 1981).

*Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014).

Mr. Lonesome appears to assert a type of "sovereign citizen" claim. Followers of these legal theories "believe that they are not subject to government authority and employ various tactics

4

in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (citations omitted).

      Mr. Lonesome's reliance on the Uniform Commercial Code does not enable him to violate state laws without consequence. Mr. Lonesome's Complaint does little more than complain of a conspiracy among various Maryland state government officers, troopers, lawyers, and judges to enforce the laws of the State of Maryland. As this Court has previously explained, "courts have encountered these claims before, namely, in the antics and writing of extremists who wish to dissociate themselves from the social compact undergirding the nations' democratic institutions. . . ." *United States v. Mitchell*, 405 F. Supp. 2d 02, 605 (D. Md. 2005).  Mr. Lonesome's theory that his initial traffic stop, and all of the proceedings that flowed therefrom, were unlawful because he is not subject to the laws of the State of Maryland because he identifies as a "secured party creditor" is unavailing as those theories have been rejected by every court that has considered them. *See La Vell Harris v. County of Lake*, 2013 WL 2170138 *3  (N.D. Ca. 2021) (rejecting as frivolous Plaintiff's sovereign citizen claims that his convictions for driving without a license were improper where Plaintiff asserted, among other things, that the State was without authority over him because it "used capital letters when writing his name on charging instruments meaning that they are referring to a straw-man version of his natural personage and not him; that he is a secured party creditor for himself which somehow purports to absolve him of criminal liability for driving without a license; or, that he has never entered into a contract with California by which the state may exercise jurisdiction over him.");

      "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily; however they are

5

presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions...."); *see also*, *Vazquez v. California Hwy. Patrol*, 2016 WL 232332 (E.D. Cal. Jan. 19, 2016) (finding plaintiff's "secured party creditor" theory to be "clearly frivolous," warranting dismissal of Section 1983 complaint without leave to amend); *Culpepper v. Biddle*, 2018 U.S. Dist. LEXIS 187497, at *8, *11 (C.D. Cal. Nov. 1, 2018) ("Petitioner deems himself a 'secured party creditor' ... [a]s a threshold matter, Petitioner's sovereign citizen-type assertions are so patently frivolous and specious that little discussion about them is required. The Court rejects them summarily for the same reasons adduced and explicated in numerous other decisions.").

Due to the frivolous nature of the basis of Mr. Lonesome's Complaint, he will not be able to amend his Complaint, rendering the granting of leave to amend an exercise in futility. As such, the Complaint is dismissed. A separate Order follows.

_April 2, 2024_  _____/s/_____
Date  Stephanie A. Gallagher
United States District Judge